IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL J. MEYERS,
MAX BUILDING INVESTMENTS, LLC,
RING KINGS, INC. and CLETUS SCHEY,

                ORDER

        Plaintiffs,

                12-cv-877-bbc

   v.

STATE OF WISCONSIN DEPARTMENT
OF TRANSPORTATION,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 5, 2012, plaintiffs Michael Meyers, Max Building Investments, LLC, Ring Kings, Inc. and Cletus Schey filed this case in the Circuit Court for Oneida County, Wisconsin. In their original complaint, they relied on both federal and state law to challenge the validity of a rule promulgated by defendant State of Wisconsin Department of Transportation. Dkt. #1-1. After the circuit court scheduled a hearing on the case, defendant removed the case to this court under 28 U.S.C. §§ 1331 and 1367.

Two days later, plaintiffs filed an amended complaint in which they deleted their federal claims on they ground that "the pursuit of claims for violations of the U.S. Constitution and Federal Statutes was unnecessary for a fair adjudication of the issues." Dkt. #7 at 2. Plaintiffs now seek to remand the case to state court. Dkt. #6. (Plaintiffs asked for fees and costs in their motion, but they withdrew that request at a telephone

1

hearing held on December 12, 2012.)

Defendant acknowledges that, generally, federal courts should not keep jurisdiction over a case once all the federal claims are gone. 28 U.S.C. § 1367(c)(3); Segal v. Geisha NYC LLC, 517 F.3d 501, 506 (7th Cir. 2008); Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir. 2001). However, it cites Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988), and Townsquare Media, Inc. v. Brill, 652 F.3d 767 (7th Cir. 2011), for the proposition that the court has discretion to retain jurisdiction when the plaintiff has dismissed his federal claims to manipulate jurisdiction and keeping the case would serve the interest of judicial economy.

If plaintiffs had attempted to dismiss their federal claims after the parties and this court had devoted substantial resources to this case, it might make sense to retain jurisdiction. However, defendant does not cite any cases in which a federal court concluded that it was appropriate to retain jurisdiction under § 1367 when the plaintiff dismissed his federal claims before any proceedings occurred in federal court. Even the courts in the cases it cites affirmed decisions to relinquish jurisdiction. Carnegie-Mellon University, 484 U.S. at 622-23; Townsquare, 652 F.3d at 773.

Defendant says that it would serve the interest of judicial economy to keep the case in federal court because it plans to file a motion to dismiss the amended complaint, but it does not explain why the state court cannot resolve the motion in a timely fashion. Particularly because the state court already had scheduled a hearing on the case before defendant removed it, I see no reason to assume that the state court will delay in resolving

the parties' dispute.

ORDER

IT IS ORDERED that I decline to exercise supplemental jurisdiction over the state law claims in this case. The case is REMANDED to the Circuit Court for Oneida County, Wisconsin. Plaintiffs' request for costs is DENIED as moot.

Entered this 14th day of December, 2012.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge